UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MITCHELL S. GOODSON,                           16-CV-371-FPG-MJR
                                               REPORT AND RECOMMENDATION
                     Plaintiff,

       -v-

RACHEL ISCH, *et al.*,

                     Defendants.
_____

This case has been referred to the undersigned by the Hon. Frank P. Geraci, Jr. for all pre-trial matters excluding dispositive motions. (Dkt. No. 8). Presently before the Court is *pro se* plaintiff Mitchell S. Goodson's motion for leave to amend his complaint. (Dkt. No. 37). For the following reasons, it is recommended that the motion be denied.[1]

## **BACKGROUND**

Goodson commenced this 42 U.S.C. §1983 action in 2016 alleging that defendants — three City of Buffalo police officers and five unnamed "Buffalo Peace Officers" — used excessive force, or failed to intervene to stop the use of excessive force, during and after his arrest on January 25, 2016. (Dkt. No. 1 (Complaint); Dkt. No. 6 (Decision and Order screening the Complaint)). On October 2, 2017, the Court entered a Case Management Order directing the parties to file any motions to join other parties and amend the pleadings on or before February 22, 2018. (Dkt. No. 24 ¶2). At Goodson's request (Dkt. No. 33), the Court later extended this deadline to March 20, 2018 (Dkt. No. 34). Over a

---

[1] "[D]istrict courts in this circuit have generally found that denial of a motion to amend is dispositive, whereas granting a motion to amend is non-dispositive." *Portelos v. City of N.Y.*, No. 12-CV-3141(RRM)(VMS), 2015 WL 5475494, at *1 (E.D.N.Y. Sept. 15, 2015). Because the Court finds that Goodson's motion for leave to amend should be denied, and notwithstanding the non-dispositive referral order in this case, the Court has provided a Report and Recommendation on the motion.

month later, on April 26, 2018, Goodson filed the instant motion for leave to amend his complaint to name the City of Buffalo and Buffalo Police Department as defendants. (Dkt. No. 37). Because Goodson did not submit a proposed amended complaint setting forth any particular allegations against the City of Buffalo or the Buffalo Police Department, the Court interprets his motion as simply requesting permission to add the City and the Department to his pending Section 1983 excessive force claim against the individual defendants.[2] Defendant Buffalo Police Officers Rachel Isch, Anthony Kozlowski, and Alan Ortiz oppose Goodson's motion as futile and untimely. (Dkt. No. 38).

## DISCUSSION

Leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. ("Rule") 15(a)(2), and should be denied only for reasons such as undue prejudice, bad faith, undue delay, and futility, *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it cannot withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, the Court accepts all factual allegations in

---

[2] Under Local Rule of Civil Procedure 15(a), Goodson should have attached a proposed amended complaint to his motion.

the complaint as true, drawing all reasonable inferences in the plaintiff's favor. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). If the plaintiff is proceeding *pro se*, the plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'") (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

Where, as here, the plaintiff seeks to hold a municipality liable under Section 1983, the plaintiff must plausibly allege that "action pursuant to official municipal policy" caused the alleged constitutional injury. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012).

Goodson has not alleged a custom, policy, or usage of excessive force here. Rather, he seeks to hold the City of Buffalo and the Buffalo Police Department liable on the mere basis that that they employ the individual defendants who allegedly assaulted him or failed to protect him from the assault. (Dkt. No. 37 at 4-5). These "isolated acts of excessive force by non-policymaking municipal employees" are insufficient to plead

municipal liability under Section 1983.  *Jones,* 691 F.3d at 81.  Absent any allegation of a municipal custom, policy, or usage of excessive force, Goodson has failed to state a cause of action against the City of Buffalo or the Buffalo Police Department, and his motion for leave to amend should therefore be denied as futile.  Goodson's request to add the Buffalo Police Department as a defendant is futile for the additional reason that the Department "is merely an arm of the City, and does not have a legal identity separate and apart from the City and cannot be sued." *Yancey v. City of Buffalo*, No. 12-CV-0986S, 2012 WL 6016890, at *3 (W.D.N.Y. Nov. 30, 2012).

Goodson's motion for leave to amend his complaint is also untimely under Rule 16.  Rule 16 directs the Court to enter a scheduling order limiting the time to join other parties and amend the pleadings.  Rule 16(b)(1), (3).  A scheduling order "may be modified only for good cause and with the judge's consent."  Rule 16(b)(4).  "[A] finding of 'good cause' depends on the diligence of the moving party."  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  "In other words, to demonstrate 'good cause' a party must show that despite [his] diligence the time table [in the scheduling order] could not have reasonably been met."  *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).  Here, Goodson has failed to explain why he could not have filed the instant motion in advance of the Case Management Order deadline for joining other parties and amending the pleadings.  Consequently, he has failed to demonstrate good cause for his untimely motion, and the motion may be denied on this basis as well.  *See Carnrite,* 175 F.R.D. at 445-48 (denying plaintiff's motion for leave to amend his complaint as untimely because plaintiff failed to demonstrate good cause for the untimely filing).

## **CONCLUSION**

For the foregoing reasons, it is recommended that Goodson's motion for leave to amend his complaint (Dkt. No. 37) be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Chief Judge Geraci, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Chief Judge Geraci.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law, and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED**.

Dated:   May 24, 2018
         Buffalo, New York

                 */s/ Michael J. Roemer*
                 MICHAEL J. ROEMER
                 United States Magistrate Judge