UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MITCHELL S. GOODSON,

                       Plaintiff,

                                                                   Case # 16-CV-371-FPG

v.

                                                                   DECISION & ORDER

RACHEL ISCH, et al.,

                       Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Mitchell S. Goodson initiated this civil rights action pursuant to 42 U.S.C. § 1983 against City of Buffalo Police Officers Rachel Isch, Anthony Kozlowski, and Alan Otiz, Buffalo Police Lieutenant Richard Ortiz, and five unidentified "Buffalo Peace Officers," one identified as "Jane Doe" and the other four identified as "John Does." ECF No. 1. Plaintiff alleges that his constitutional rights were violated on January 25, 2016 when Defendants used excessive force or failed to intervene to stop the use of excessive force during and after his arrest. *Id.* Presently before the Court is Plaintiff's Motion to Amend the Complaint. ECF No. 37.

## RELEVANT BACKGROUND

On May 10, 2016, Plaintiff filed a Complaint and moved for leave to proceed *in forma pauperis*. ECF Nos. 1, 2. On March 20, 2017, the Court granted Plaintiff's *in forma pauperis* motion and dismissed Defendant Richard Ortiz pursuant to 28 U.S.C. §§ 1915(e) and 1915A. ECF No. 6. The case continued against Defendants Isch, Kozlowski, Otiz (collectively, "Defendants"), and the Doe Defendants. *Id.* Defendants filed an Answer on June 26, 2017. ECF No. 7. Thereafter, the Court referred the case to United States Magistrate Judge Michael J. Roemer for pretrial proceedings. ECF No. 8.

On April 26, 2018, Plaintiff moved for leave to amend the Complaint to add the City of Buffalo and Buffalo Police Department as defendants. ECF No. 37. Defendants opposed the motion to amend, arguing that amendment would be futile, the motion was untimely, and justice did not permit leave to amend under the circumstances. ECF No. 38. Plaintiff filed a reply, admitting that the motion was untimely, but asserting that "the interest of justice" supported leave to amend. ECF No. 45 at 2.

On May 24, 2018, Judge Roemer issued a Report and Recommendation ("R&R") in which he recommends that Plaintiff's motion be denied. ECF No. 44. Specifically, Judge Roemer found that (1) amending the Complaint to add the City of Buffalo and Buffalo Police Department would be futile because Plaintiff's Complaint lacks "any allegation of a municipal custom, policy, or usage of excessive force;" (2) amending the Complaint to add the Buffalo Police Department would be "futile for the additional reason that the Department is merely an arm of the City, and does not have a separate legal identity;" and (3) Plaintiff's motion seeking leave to amend was untimely under Rule 16. ECF No. 44 at 4 (internal quotation marks and citations omitted).

In addition, Judge Roemer warned Plaintiff that any objections to the R&R "must be filed with the Clerk of Court within fourteen days of service of this [R&R]" and that "***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this [R&R] WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.***" ECF No. 44 at 5 (emphasis in original). Furthermore, Judge Roemer stated that

> Pursuant to Local Rule of Civil Procedure 72(b), written objections 'shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority.' ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

*Id*. (emphasis in original).

By letter dated June 9, 2018, Plaintiff brought certain discovery and document disclosure issues to the Court's attention and stated that he was resending his reply in support of his motion to amend because he was not sure the Court received it and that he "strongly disagree[d] with [Judge Roemer's] assessments" in the R&R. ECF No. 46 at 1-2. On June 13, 2018, Plaintiff resubmitted his reply in support of his motion to amend (ECF No. 47), filing a document identical to the reply filed on May 22, 2018 (ECF No. 45).

On June 15, 2018, Defendants filed a letter asserting that Plaintiff's purported objection to the R&R "does not conform to [Local Rule of Civil Procedure 72(b)] and is untimely," and should therefore be disregarded. ECF No. 48 at 1.

## LEGAL STANDARD

Generally, the Court reviews portions of the R&R to which a party makes specific objections *de novo*. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

> It is clear from the plain meaning of the rule that objections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects. It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.

*Delee v. Hannigan*, No. 09-CV-838-FPG, 2016 WL 5529382, at *1 (W.D.N.Y. Sept. 30, 2016) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)). Thus, "if no objections are filed, or if the objections simply reiterate the party's original arguments, courts may review the report and recommendation for clear error." *Id.* (citations omitted).

"When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W*

3

*U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted). After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## APPLICATION

Here, Plaintiff has not specifically filed objections to the R&R but instead resubmits an identical copy of his reply brief. *See* ECF Nos. 45, 47. Plaintiff fully acknowledges this fact in his letter submitted to the Court. *See* ECF No. 46 at 2. Specifically, Plaintiff states

> [P]lease find attached my reply to the defendant's opposition to Plaintiff's motion to amend complaint by adding defendants. I feel like by the responses of the Justice that he may not have received the Plaintiff's reply so I wanted to resend to make sure, as for I strongly disagree with his assessments.

ECF No. 46 at 2. This submission is "nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge," and the Court may therefore conduct a clear error review.[1] *See Delee*, 2016 WL 5529382, at *1.

The Court has reviewed Judge Roemer's R&R and finds no clear error. As Judge Roemer noted in his decision, the only change Plaintiff seeks to make to the Complaint is to add the City of Buffalo and the Buffalo Police Department as defendants. *See* ECF No. 44 at 2; ECF No. 37 at 1-2. However, such an amendment would be futile because "Plaintiff has not alleged a custom, policy, or usage of excessive force" and seeks to add the City of Buffalo and the Buffalo Police Department as defendants "on the mere basis that they employ the individual defendants who allegedly assaulted him or failed to protect him." ECF No. 44 at 3. "Absent such a custom, policy,

---

[1] Plaintiff's resubmitted reply brief also fails to comply with Local Rule of Civil Procedure 72(b), which states that

> [w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority.

Loc. R. Civ. P. 72(b).

or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Id.* (quoting *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012)).

Accordingly, the Court adopts Judge Roemer's R&R in full and Plaintiff's motion to amend the Complaint is DENIED.

## CONCLUSION

For the reasons stated, the Court accepts and adopts Judge Roemer's R&R (ECF No. 44) in its entirety. Plaintiff's motion to amend the Complaint (ECF No. 37) is DENIED.

IT IS SO ORDERED.

Dated: October 3, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court