UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MITCHELL S. GOODSON,

                         Plaintiff,                           Case # 16-CV-371-FPG

    v.                                               ORDER

RACHEL ISCH, et al.,

                         Defendants.

---

In a letter dated March 21, 2019, *pro se* Plaintiff Mitchell S. Goodson requests that the Court either stay the case so that he can obtain counsel or appoint counsel to represent him. ECF No. 78. Currently pending before the Court is Defendants' motion for summary judgment, ECF No. 75, and Plaintiff's response to the motion is due by April 12, 2019. *See* ECF No. 76.

Plaintiff's request to stay the case is DENIED WITHOUT PREJUDICE. Plaintiff has not shown that a stay is appropriate under the circumstances. Plaintiff has not described the efforts he has undertaken to obtain counsel or demonstrated a realistic likelihood that a stay will enable him to find counsel. Moreover, Plaintiff does not ask for a specific timeframe for a stay. The Court declines to indefinitely stay the case given that it is unclear what efforts Plaintiff has made or intends to make to obtain counsel. Nevertheless, Plaintiff's request is denied without prejudice. In other words, this order does not preclude Plaintiff from requesting a stay again if he provides more information to support and justify his request.

Plaintiff's request for appointment of counsel is DENIED. There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865

1

F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted. This action is not complicated: it concerns a series of discrete incidents where Defendants allegedly used excessive force. In addition, Plaintiff's prior submissions show that he can adequately present his claims: in this litigation, he has conducted discovery, crafted relevant motions, and raised relevant objections. There are no special reasons that would favor appointment of counsel.

In the interests of justice, however, the Court will extend the time for Plaintiff to respond to Defendants' motion for summary judgment. Plaintiff updated his address shortly after Defendants filed their motion for summary judgment and this Court issued a scheduling order. It is unclear whether Plaintiff has obtained all of the materials relevant to Defendants' motion. Therefore, the Court will send Plaintiff another copy of the Court's scheduling order (ECF No. 76). Defendants are directed to resend their summary judgment materials to Plaintiff's new

address.  Defendants shall file a certificate of service with the Court by April 1, 2019.  Plaintiff must respond to Defendants' motion by May 3, 2019.  Defendants may file a reply within 15 days of Plaintiff's response.

Accordingly, Plaintiff's motion (ECF No. 78) is DENIED IN PART and DENIED IN PART WITHOUT PREJUDICE, in that Plaintiff's request for appointed counsel is denied and his request for a stay to obtain counsel is denied without prejudice.  Defendants shall resend their summary judgment materials to Plaintiff's new address and file a certificate of service with the Court by April 1, 2019.  Plaintiff's materials in opposition to Defendants' motion must be filed by May 3, 2019.  Defendants may file a reply within 15 days of Plaintiff's response.

IT IS SO ORDERED.

Dated:  March 25, 2019
        Rochester, New York

_____

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court