UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MITCHELL S. GOODSON,

                              Plaintiff,                  Case # 16-CV-371-FPG

v.                                                           DECISION AND ORDER

RACHEL ISCH, et al.,

                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff Mitchell Goodson sues Defendants Rachael Isch, Anthony Kozlowski, and Alan Ortiz for alleged violations of his constitutional rights. ECF No. 1; *see* 42 U.S.C. § 1983. Specifically, Plaintiff alleges that on January 25, 2016, Defendants used excessive force against him and failed to intervene while he was arrested. *Id.*

On March 7, 2019, Defendants moved for summary judgment. ECF No. 75. Even though the Court gave Plaintiff two extensions of time to respond to Defendants' motion, he did not submit anything. For the reasons that follow, the Court grants Defendants' motion and dismisses this case.

## BACKGROUND

Because Plaintiff did not respond to Defendants' motion, the Court may accept Defendants' statement of facts as undisputed, as long as the citations to the record evidence support their assertions. *See Vt. Teddy Bear Co., Inc v. 1-800 Beargram Co.*, 373 F.3d 241, 244, 246 (2d Cir. 2004) ("[T]he failure to respond may allow the district court to accept the movant's factual assertions as true."). The Court therefore accepts the following facts to the extent that they are supported by admissible evidence and are not controverted by the record.

## I. Plaintiff's Complaint

Plaintiff alleges that Ortiz arrested him on January 25, 2016. ECF No. 1 at 7. Isch arrived on the scene and "immediately exited out of her police car and drew her gun pointed straight at [Plaintiff]," while he was handcuffed. *Id*. Shortly thereafter, Kozlowski arrived, exited his police car, and placed both of his feet on Plaintiff's ankle for 16 minutes. *Id*. While Plaintiff was being transferred to Central Booking, he told Ortiz that he could not walk and that he wanted a wheelchair and to see a nurse. Ortiz refused his request. *Id.*

Upon arriving at Central Booking, five Buffalo "peace officers" transferred Plaintiff to a holding cell. A John Doe officer ordered Plaintiff to walk, but Plaintiff said he could not walk because he was hurt. *Id.* The John Doe officer grabbed the back of Plaintiff's neck and caused Plaintiff to hit his head against a brick wall in the holding cell. *Id.* At some point, three other John Doe officers arrived and kicked Plaintiff about his body for five minutes until he bled. *Id.* at 8.

## II. Defendants' Statement of Facts

On January 25, 2016, Buffalo Police Department officers, including Defendants, responded to a burglary alarm call. ECF Nos. 75-4, 75-5, 75-6, 75-7. Upon arrival, Isch and her partner, Officer James Otwell, saw that the building's front glass door was broken and that the furniture inside was in disarray. ECF Nos. 75-5, 75-6, 75-7. Isch and Otwell entered the building to investigate and saw Plaintiff attempting to flee out of back door. ECF No. 75-5. Otwell yelled commands to Plaintiff, who did not comply. ECF Nos. 75-5, 75-6, 75-7. Ortiz and Kozlowski arrived on scene shortly thereafter. ECF Nos. 75-6, 75-7.

Ortiz saw Otwell and Isch repeatedly give commands to Plaintiff to "get down." Plaintiff was "larger in [stature] than both officers and noncompliant with their commands." ECF No. 75-

5 ¶ 7. Otwell, Isch, and Ortiz grabbed Plaintiff's arms and, took him to the ground, and handcuffed him. *Id*. ¶ 8. Plaintiff sat against a wall while the officers completed their paperwork. *Id*. ¶ 9.

Ortiz and Kozlowski transported Plaintiff to Central Booking. ECF Nos. 75-6, 75-7. Isch was not involved in transporting Plaintiff to Central Booking, the booking process, or his custody there. ECF No. 75-4. Defendants produced a surveillance video of Plaintiff's arrival, booking, and custody at Central Booking. ECF No. 74 (sealed).

Defendants assert that, during their interaction with Plaintiff, they did not observe or believe that Plaintiff had an ankle injury. ECF No. 75-4 at 1; ECF Nos. 75-5, 75-6, 75-7. According to Defendants, Plaintiff did not request medical attention for an ankle injury. ECF Nos. 75-5, 75-6, 75-7. Plaintiff produced his medical records from 2016, and they do not mention ankle pain or injury. ECF No. 35.

## DISCUSSION

### I. Summary Judgment Standard

A court grants summary judgment when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a)-(b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). It is the movant's burden to establish the nonexistence of any genuine issue of material fact. If there is record evidence from which a reasonable inference in the non-moving party's favor may be drawn, a court will deny summary judgment. *See Celotex*, 477 U.S. at 322.

Once the movant has adequately shown the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to present evidence sufficient to support a jury verdict in its favor, without simply relying on conclusory statements or contentions. *Goenaga v. March of*

*Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995) (citing Fed. R. Civ. P. 56(e)). "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not genuine issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) (internal quotation marks omitted).

**II.    § 1983**

To state a valid § 1983 claim, "the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citation omitted). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

To survive a motion for summary judgment on § 1983 claims, the plaintiff must offer concrete evidence from which a reasonable juror could conclude that the defendants deprived him of the rights, privileges, or immunities guaranteed to him by law. *See Johnson v. Davis*, No. 12-CV-2449, 2015 WL 1286764, at *2 (E.D.N.Y. Mar. 20, 2015). Additionally, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citation omitted).

**III.    Use of Force**

Plaintiff alleges that Defendants used excessive force when: (1) Kozlowski placed both of his feet on Plaintiff's ankle for 16 minutes; (2) Ortiz forced him to walk on his injured ankle despite his requests for a wheelchair and medical attention; (3) Isch pointed her firearm at him; and (4) multiple unnamed officers assaulted him in the holding cell and made him bleed. ECF No. 1 at 7-8. Defendants argue that they are entitled to summary judgment because Plaintiff has not stated a

claim or raised an issue of material fact for trial, and because they are entitled to qualified immunity. ECF No. 75-1 at 3, 6.

A court analyzes a police officer's use of force during an arrest under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). To establish a Fourth Amendment excessive-force claim, a plaintiff must show that the arresting officer's actions were objectively unreasonable in light of the surrounding circumstances. *Id.* "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id.* at 396 (quotation mark omitted).

To be actionable, the force the officer uses must be unreasonable in light of the surrounding circumstances and "more than de minimis." *Antic v. New York City*, 273 F. Supp. 3d 445, 458 (S.D.N.Y. 2017) (citation omitted). De minimis injuries include, for example, "short-term pain, swelling, and bruising, brief numbness from tight handcuffing, claims of minor discomfort from tight handcuffing, . . . superficial scratches[, and] a cut inside the mouth." *Lemmo v. McKoy*, No. 08-CV-4264, 2011 WL 843974, *5 (E.D.N.Y. Mar. 8, 2011) (citations omitted). Though the focus of inquiry in an excessive-force claim is on the force used rather than the injuries sustained, "[t]he extent of injury may also provide some indication of the amount of force applied." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam). "Some degree of injury" is typically required to state an excessive force claim. *Taylor v. N.Y. Dep't of Corr.*, No. 10 Civ. 3819, 2012 WL 2469856, at *4 (S.D.N.Y. June 27, 2012) (brackets, quotation marks, and citation omitted).

Plaintiff relies exclusively on the allegations in his Complaint; however, "a plaintiff faced with a well-supported motion for summary judgment cannot simply rest on the allegations in his complaint; he must come forward with concrete evidence from which a reasonable juror could

return a verdict in his favor." *White v. Clement*, No. 14-CV-6100, 2016 WL 5807847, at *2 (W.D.N.Y. Oct. 5, 2016) (quotation marks and citation omitted).

Defendants assert that they did not see Kozlowski stand on Plaintiff's ankle and that Plaintiff did not complain of ankle pain or request medical treatment. ECF No. 75-5, 75-6, 75-7. More importantly, however, Plaintiff fails to allege, must less establish, any injury due to Kozlowski standing on his ankle. Rather, he alleges that his ankle "hurt" during the booking process. ECF No. 1 at 7. He does not allege any ankle problems after the day of his arrest, and his medical records do not support the existence of an ankle injury. ECF No. 35. The Court also reviewed the surveillance video of Plaintiff's booking process and custody, which illustrates Plaintiff's ability to walk unencumbered shortly after his arrest. ECF No. 74.[1]

In sum, the record lacks evidence substantiating Plaintiff's injury, and therefore Defendants are entitled to summary judgment on Plaintiff's excessive force claim. *See, e.g.*, *Brooks v. Whiteford*, No. 16-CV-6805L, 2019 WL 2552935, at *3 (W.D.N.Y. June 21, 2019) ("Plaintiff has not presented any evidence of his injuries, beyond that bare allegation in the complaint, nor has he shown that any alleged physical effects are traceable to [arresting officer's] alleged use of excessive force.").

The record reveals that Defendants used some level of force to arrest Plaintiff; however, "[e]ven after construing all reasonable inferences in [Plaintiff]'s favor, the Court cannot plausibly infer that this minimal amount of force was excessive in the absence of any alleged injury." *Pesola v. City of N.Y.*, No. 2016 WL 1267797, at *8 (S.D.N.Y. Mar. 30, 2016). Any short-lived pain Plaintiff complains of is de minimis and does not support an excessive force claim.

---

[1] The video also does not substantiate Plaintiff's claim that the unnamed officers assaulted him.

With respect to Isch, Plaintiff does not allege that she was personally involved in the events giving rise to his ankle pain. *See* ECF No. 1 at 7; *see generally Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013) (the defendant's actions must fall within one of the five identified categories to establish personal involvement). To the extent Plaintiff argues that Isch used excessive force when she pointed her gun at him upon exiting the police car, Plaintiff's claim fails.

"[T]he vast majority of cases within the Second Circuit hold that merely drawing weapons when effectuating an arrest does not constitute excessive force as a matter of law[.]" *Dunkelberger v. Dunkelberger*, No. 14-CV-3877, 2015 WL 5730605, at *15 (S.D.N.Y. Sept. 30, 2015) (collecting cases); *see also, e.g.*, *Aderonmu v. Heavey*, No. 00 CIV. 9232(AGS), 2001 WL 77099, at *1-3 (S.D.N.Y. Jan. 26, 2001) (dismissing an excessive-force claim alleging only that officers "demanded by gunpoint" that the plaintiff reveal the location of drugs).

Here, the evidence indicates that Plaintiff, suspected of a felony crime, was noncompliant with the officers' commands. Further, there is no evidence that Ortiz restrained Plaintiff when Isch drew her weapon. To the contrary, it is apparent that Isch was first to respond to the call and assisted in restraining and handcuffing Plaintiff only after he refused to comply and attempted to flee. ECF Nos. 75-4, 75-5, 75-6, 75-7. Plaintiff therefore fails to state an excessive force claim based upon Isch's actions.

Because Plaintiff does not establish a constitutional violation, any claim arising from Defendants' alleged failure to intervene must also be dismissed. *See, e.g.*, *Alexander v. Nolan*, No. 17-CV-725, 2018 WL 6621400, at *8 (N.D.N.Y. Dec. 18, 2018) (finding that failure-to-intervene claim requires underlying constitutional violation) (collecting cases). For the same reason, the Court need not reach Defendants' alternative argument asserting qualified immunity. *See, e.g.*, *Knight v. Koenigsmann*, No. 18-CV-7172, 2019 WL 2615977, at *13 n.7 (S.D.N.Y. June 26,

7

2019) (declining to consider whether the defendants were entitled to qualified immunity where cause of action was dismissed for failure to state a claim).

For all the reasons stated, Plaintiff raises no genuine issue of material fact for trial and therefore the Court grants Defendants' motion and dismisses this case.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 75) is GRANTED, and the Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court will enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies leave to appeal to the Court of Appeals as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: July 22, 2019
 Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court